
FILED
AUG 07 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| KEITH EUGENE DOYLE,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK, Warden;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-60-BU-DWM-JCL<br><br>ORDER and<br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On August 5, 2013, Petitioner Keith Doyle moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Doyle is a state prisoner proceeding pro se.

Doyle's motion to proceed in forma pauperis will be granted. The petition, however, is his third challenging his 2005 conviction for deliberate homicide. The

1

first petition was denied on the merits. A certificate of appealability was granted on Doyle's speedy trial issue and denied as to his other issues. *See generally Doyle v. O'Fallon*, No. CV 09-58-BU-RFC-CSO (D. Mont. judgment entered March 16, 2010). On December 28, 2011, the Court of Appeals affirmed the denial of relief. *Doyle v. Law*, No. 10-35330 (9th Cir. Dec. 28, 2011) (unpublished mem. disp.). On May 14, 2012, the United States Supreme Court denied Doyle's petition for writ of certiorari. *Doyle v. Law*, No. 11-9645 (U.S. May 14, 2012).

Doyle filed his second petition on June 14, 2012. It was dismissed as an unauthorized second petition on October 16, 2012. A certificate of appealability was also denied.

As Doyle has already been advised, a district court lacks jurisdiction to entertain a second or successive petition under 28 U.S.C. § 2254 absent authorization to file given by the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Although Doyle challenges a recent decision by the Montana Supreme Court, he clearly seeks to establish the invalidity of his 2005 conviction. The petition should be dismissed.

A certificate of appealability is not warranted. Doyle's claim could have been brought in his original petition and so is time-barred. 28 U.S.C. § 2244(d)(1)(A); *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). In addition, the claim is

frivolous. Prosecution by Information is consistent with the federal guarantee of due process. *Hurtado v. California*, 110 U.S. 516, 538 (1884). Doyle does not make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), nor is there any doubt about the procedural ruling, *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the same reasons a certificate of appealability is not warranted, transfer of the petition to the Court of Appeals is not in the interests of justice. 28 U.S.C. §§ 1631, 2244(b).

Based on the foregoing, the Court enters the following:

## ORDER

Doyle's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED as an unauthorized successive petition.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a

judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Doyle may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Doyle files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Doyle from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Doyle is cautioned that he must immediately inform the Court of any change in his mailing address</u>. Failure to do so may result in dismissal of this case without

notice to him.

DATED this 7th day of August, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

5